NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIDGETT CROSS<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK DONAHOE, POSTMASTER GENERAL,<br><br>        Defendant. | Civil Action No.: 12-CV-2670 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

**I.  INTRODUCTION**

This matter comes before the Court on the motion of Patrick Donahoe, Postmaster General ("Defendant"), to dismiss the Complaint of Bridgett Cross ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion.[1] The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Based on the reasons that follow, Defendant's motion to dismiss is granted without prejudice. Plaintiff is granted thirty days to file an Amended Complaint which cures the pleading deficiencies discussed below.

---

[1] The Court considers any arguments not presented by the parties in their papers to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II. BACKGROUND

### A. Factual Background

Plaintiff was employed as a Health and Resource Management Specialist with the Postal Service. (Compl. ¶ 8.) Beginning in April 2008, Plaintiff sustained a foot injury, which she alleges was public knowledge in the workplace, and she returned to work in or around May 2009 on a part time basis. (Compl. ¶¶ 10-11.) Plaintiff resumed full time hours in or around June 2009 until October 1, 2009, when she had foot surgery. (Compl. ¶¶ 12-13.) She returned from the foot surgery on or around November 1, 2009. (Compl. ¶ 14.) In June 2010, Plaintiff requested permission to work in Defendant's Kilmer, New Jersey office because of that facility's handicap features, but she was denied this transfer. (Compl. ¶ 15.) Plaintiff alleges that during the time of her employment, she was denied training, promotional, and lateral opportunities due to her disability. (Compl. ¶ 16.)

Plaintiff asserts the following causes of action: (1) discrimination in violation of Title VII and the Americans with Disabilities Act ("ADA"); (2) retaliation under Title VII; (3) hostile work environment under Title VII; and (4) common law retaliation. (Compl. ¶¶ 17-38.) With respect to Count One, plaintiff alleges that Defendant's harassment was "so severe and pervasive that no reasonable person could be expected to tolerate such conduct." (Compl. ¶ 18.) With respect to Count Two, Plaintiff alleges that Defendant's conduct was prompted by and undertaken as a form of retaliation for Plaintiff's "legitimate actions and assertions of protected rights and interests." (Compl. ¶ 23.) With respect to Count Three, Plaintiff alleges that Defendant facilitated a hostile work environment with "intolerable conditions pursuant to which Plaintiff could not reasonably be expected to work." (Compl. ¶ 29.) In addition, Plaintiff alleges that as a result of this hostile work environment she was constructively discharged and forced to

resign. (Compl. ¶ 31.) With respect to Count Four,[2] Plaintiff alleges that Defendant's actions were prompted by and in retaliation of her "legitimate actions and assertions of protected rights and interests." (Compl. ¶ 34.) With respect to all four counts, Plaintiff alleges that as a direct and proximate result of the Defendant's actions she has endured "severe emotional pain and suffering." (Compl. ¶¶ 21, 27, 32, 38.)

**B. Procedural History**

On July 8, 2010, Plaintiff first contacted an Equal Employment Opportunity ("EEO") counselor from the Postal Service about alleging a claim of discrimination based on race and disability.[3] See Declaration of Eriberto Cedeno ("Cedeno Decl."), ¶ 2; Exhibit A (iComplaints Form) at 3; Exhibit B (Information for Pre-Complaint Counseling) at 1. On July 16, 2010, the National EEO Investigative Service Office ("NEEOISO") received Plaintiff's "Information for Pre-Complaint Counseling" form dated July 13, 2010. See Cedeno Decl. ¶ 3; Exhibit B (Information for Pre-Complaint Processing) at 1. Plaintiff claimed she was discriminated against based on race and physical disability because her injury compensation claim was "challenged"

---

[2] Count Four has been mislabeled Count Five in Plaintiff's Complaint.

[3] Although "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when deciding a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Defendant has attached to its motion to dismiss documents related to Plaintiff's formal EEO claims of disability discrimination. (Cedeno Cert., Exs. A-E.) Defendant argues that it is appropriate for the Court to consider these documents when deciding the motion to dismiss. (Def. Br. 6-7, n.2.) Defendant also states that "[s]hould this Court determine that the Government's arguments are more appropriately considered via a motion for summary judgment, the court should still dismiss plaintiff's claims . . . ." (Id.) Plaintiff did not oppose the Court's consideration of these documents. The Court will consider these documents in deciding the motion to dismiss and will not convert this to a motion for summary judgment. Accordingly, the Court will not consider the Defendant's Statement of Material Facts submitted pursuant to local rule 56.1, and Defendant's argument in its Reply brief that Plaintiff failed to respond to the Statement of Material Facts is moot. (See Def. Reply Br. 3.)

by her manager, her requests for a reasonable accommodation transfer and opportunities to cross-train were denied, her request to join the "National Reassessment Team" was denied, and she was demeaned at work. See id. at 1-2. She elaborates on these allegations with anecdotes from her work experiences in the description section of this counseling form. Id.

On August 6, 2010 Pamela Zuczek, an EEO counselor, sent Plaintiff a Notice of Right to File, which Plaintiff received on August 14, 2010. See id. ¶ 4; Exhibit C (Notice of Right to File) at 1. On August 23, 2010, NEEOISO received Plaintiff's "EEO Complaint of Discrimination in the Postal Service," which was dated August 19, 2010. See id. ¶ 5; Exhibit D (EEO Complaint) at 1-3. Plaintiff's complaint specifically checked the boxes for race and disability discrimination, and reiterated the claims from her "Information for Pre-Complaint Processing" form; specifically, the challenge to Plaintiff's injury compensation claim, the denial of a reasonable accommodation transfer, the denial of opportunities to cross-train, and the denial of a request to join the "National Reassessment Team." See id.

On September 8, 2010, NEEOISO accepted some, but not all, of Plaintiff's claims raised by her EEO complaint through the issuance of a formal decision. See id. ¶ 6; Exhibit E (Decision) at 1-9. The claims that were accepted by NEEOISO continued before the Equal Employment Opportunity Commission (the "EEOC") and were ultimately dismissed on March 22, 2012 because Plaintiff chose to proceed with her case in this Court. See id. ¶ 7; Exhibit F (Order of Dismissal) at 1. No EEO complaints were ever filed with respect to Plaintiff's claims of retaliation or hostile work environment. See Cedeno Decl. ¶ 8.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

4

Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, U.S. at 678.

## IV. DISCUSSION

### A. Plaintiff's Exclusive Remedy For Disability Discrimination is an Action Under the Rehabilitation Act.

A plaintiff alleging claims for disability discrimination against a federal agency may only bring an action under the Rehabilitation Act. See Spence v. Straw, 54 F.3d 196, 197 (3d Cir. 1995) (holding that the Rehabilitation Act is the "exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination"); Riley v. Potter, No. 08-5167 (SDW), 2010 WL 125841, at *4 n. 3 (D.N.J. Jan. 7, 2010); Stevenson v. United States Post Office, No. 04-5971, 2008 WL 108891, at *4 (D.N.J. Jan. 9, 2008) (finding that the only remedy a federal employee has for alleging disability discrimination is a claim under the Rehabilitation Act).

Here, Plaintiff, a former federal employee, claims that the Postal Service discriminated against her due to her disability, in violation of Title VII of the Civil Rights Act of 1964 and the ADA. Plaintiff's exclusive remedy for claiming disability discrimination is pursuant to the Rehabilitation Act. Accordingly, Plaintiff's claims of disability discrimination based on Title VII of the Civil Rights Act and under the ADA are dismissed without prejudice. Plaintiff is

granted leave to amend her complaint to include any appropriate claims based on the Rehabilitation Act.

### B. Plaintiff Failed to Timely Exhaust her Claims for Retaliation and Hostile Work Environment.

Plaintiff's claims for retaliation and hostile work environment under Title VII are subject to dismissal due to Plaintiff's failure to timely exhaust these causes of action through the required administrative procedures. To assert a claim under Title VII or the Rehabilitation Act, a federal employee is required to comply with the statute's administrative exhaustion requirement. See Spence, 54 F.3d at 201. In order to meet the requirement, the employee must: (1) contact an EEO counselor within forty-five days of the discriminatory act(s); (2) file a formal complaint within fifteen days of receiving a right to sue letter from the agency; (3) appeal the agency's decision to the EEOC or file a civil action in federal district court within ninety days of receipt of the agency's decision. See 29 C.F.R. §§ 1614.105-1614.109, 1614.401, 1614.407(a); Green v. Postmaster Gen., 437 Fed. Appx. 174, 177-78 (3d Cir. 2011).

Defendant argues that Plaintiff failed to comply with these requirements because she never raised her claims of retaliation or hostile work environment with the EEO counselor or in her formal EEO complaint. (Def.'s Br. 6-7.) Plaintiff counters, arguing that her claims before this Court reasonably grow out of or are reasonably related to those stated in her EEO charge. (Pl.'s Opp'n 6.) Plaintiff cites to Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970), in which the Fifth Circuit held that a Title VII suit "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." Plaintiff also cites to Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973), in which the

Ninth Circuit found that additional claims may be allowed if they are like or "reasonably related" to the claims in the EEO charge.

Pursuant to Third Circuit law, "the parameters of [a Title VII] action in the district court are [generally] defined by the scope of the EEOC investigation." Kuilan v. Sodexo Inc., No. 11-4567 (SDW)(MCA), 2012 WL 1964492, at *7 (D.N.J. May 31, 2012) (citing Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976)). However, an exception can be appropriate for "allegations in the complaint that 'squarely fit' the EEOC charge." Id. at 7 (citing Schanzer v. Rutgers Univ., 934 F. Supp. 669, 674 (D.N.J. 1996)). The Third Circuit considered such an exception with respect to a plaintiff's claim of hostile work environment in Barzanty v. Verizon PA, Inc., 361 Fed. Appx. 411, 415 (3d Cir. 2010). In Barzanty, the Third Circuit held that a hostile work environment claim was unrelated to claims of gender discrimination in an EEOC charge when there were no facts alleging a hostile work scenario and a box noting a "continuing action" was left unchecked on the plaintiff's EEOC charge. Barzanty, 361 Fed. Appx. at 414.

Here, Plaintiff contacted an EEO counselor regarding her disability claims in July 2010, within the required amount of time. However, she did not allege retaliation or hostile work environment claims at that time. (See Cedeno Decl.¶ 2; Ex. C (Information for Pre-complaint Counseling) at 1-3.) Significantly, Plaintiff only checked the boxes for race and disability discrimination on her EEO complaint despite having the option to check a box for retaliation. (See Cedeno Decl. Ex. D.) Furthermore, in her EEO claims, Plaintiff stated in sum, that her injury compensation claim was challenged and that she was demeaned and singled out because she is African American. (See Cedeno Decl. Ex. B.) Plaintiff further claimed that she was

denied reasonable accommodations, training opportunities, and her request to join the National Reassessment Team due to her race and disability. (Id.)

As discussed further in Section C infra, the facts stated by Plaintiff in her EEO charge do not give rise to claims of retaliation and hostile work environment, as alleged in her complaint. Plaintiff did not state that Defendant's actions were taken in retaliation for her filing an EEO complaint nor did she allege facts to show that the discrimination was so severe and pervasive that it created an environment of abuse. (See Section C, infra.) Therefore, the Court finds that Plaintiff's retaliation and hostile work environment claims do not "squarely fit," are not "reasonably related" to, and do not grow out of Plaintiff's claims of racial and disability discrimination stated in her EEO charge. Accordingly, Plaintiff's claims for retaliation under Title VII, common law retaliation, and hostile work environment are hereby dismissed for failure to exhaust the administrative procedures required.

### C. Plaintiff Failed to Allege Claims For Retaliation or Hostile Work Environment.

Even if Plaintiff had exhausted the required administrative remedies, she has not sufficiently stated claims for retaliation or hostile work environment. To state a claim for retaliation, an employee must allege (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. Abramson v. William Paterson Coll., 260 F.3d 265, 286 (3d Cir. 2001).

Defendant argues that Plaintiff's retaliation claims should be dismissed because she has failed to allege facts that meet the first and third elements of a retaliation claim. (Def.'s Br. 8-9.) In order to satisfy the first element, a plaintiff must have filed a complaint or report about "discrimination prohibited by Title VII-that is, discrimination on the basis of race, color, religion, sex, or national origin." Davis . City of Newark, 417 Fed. Appx. 201, 202-03 (3d Cir.

2011) (citations omitted). Here, Plaintiff's complaint includes claims for discrimination on the basis of "medical condition, disability and perceived medical . . . ." (Compl. ¶ 23.) The complaint does not allege racial discrimination or retaliation for a filing a complaint regarding racial discrimination. In reading Plaintiff's EEO charge, however, it appears that Plaintiff did in fact complain of racial discrimination. However, Plaintiff does not state this claim in her complaint. Therefore, she has not sufficiently stated facts to support the first element of a retaliation claim.

Even if Plaintiff alleged that her EEO claim for racial discrimination was a protected activity under Title VII, Plaintiff has also not alleged facts to support the third element of a retaliation claim. To establish the third element of a retaliation claim, the plaintiff must allege facts to show that the protected activity led the employer to take an adverse action against the plaintiff. See Abramson, 260 F.3d at 288. The plaintiff may show this "causal connection" by presenting evidence of either a temporal proximity between the protected activity and the employer's actions, or by presenting facts to show a "pattern of antagonism" by the employer during the period of time in question. Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997).

Plaintiff has not alleged facts to support a finding of a "causal connection" between her filing the EEO complaint and Defendant's alleged actions. A liberal reading of the complaint indicates that Plaintiff alleges that Defendant failed to accommodate her disability, denied her training opportunities, and denied her promotional or lateral opportunities in retaliation for her protected activity. (Compl. ¶¶ 15-16, 23.) However, Plaintiff does not indicate that these actions were taken soon after her filing of her EEO claim or that they establish a pattern of antagonism following the filing of her EEO claim. In fact, these are the same actions Plaintiff claimed were

discriminatory in her EEO charge. Consequently, they could not have occurred following the filing of her EEO charge. Therefore, Plaintiff has not sufficiently stated a claim for common law retaliation or retaliation pursuant to Title VII. As such, Plaintiff's retaliation claim under Title VII and common law retaliation claim are hereby dismissed without prejudice.

Plaintiff also fails to state a claim for hostile work environment. In order to state a claim under Title VII for discrimination resulting from a hostile work environment, an employee must show that "(1) the employee suffered intentional discrimination because of [a factor protected by Title VII], (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the [employee], (4) the discrimination would detrimentally affect a reasonable person in that position, and (5) the existence of respondeat superior liability." Andreoli v. Gates, 482 F.3d 641 (3d Cir. Pa. 2007) (quoting Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001)). "In order to be actionable, the harassment must be so severe or pervasive that it alters the conditions of the victim's employment and creates an abusive environment." Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. Pa. 2001) (citing Meritor Savs. Bank FSB v. Vinson, 477 U.S. 57, 67 (1986)).

To determine whether the discrimination was "severe or pervasive, we evaluate 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance.'" Whitesell v. Dobson Commc'n, 353 Fed. App'x 715, 717 (3d Cir. 2009) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998)). Thus, in order to establish a hostile work environment, the workplace must be "'permeated with discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris

v. Forklift Sys., 510 U.S. 17, 21 (1993) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65-67, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)); See Jenkins v. Knowledge Learning Corp., No. 10-5058, 2013 U.S. Dist. LEXIS 96050, at *15-16 (D.N.J. July 3, 2013) (finding that age discrimination claims did not rise to the level of a hostile work environment where plaintiff's "hours were changed, she was accused of force-feeding a child and placed on a two week suspension, she was subjected to written discipline and placed on a performance action plan for putting a used pull-up on a child and securing it with tape, she was repeatedly asked if she was going to retire, and she was left in a classroom 'out of ratio.'"); Harley v. United States Sec'y of the Treasury, 444 Fed. Appx. 594, 595 (3d Cir. N.J. 2011) (finding that "'glares' directed at [plaintiff]. . . and two e-mails sent to him" did not rise to the level of a hostile work environment); Whitesell v. Dobson Commun., 353 Fed. Appx. 715, 717 (3d Cir. Pa. 2009) (finding that a few remarks related to the plaintiff's age were not severe and pervasive enough because they were not physically threatening nor humiliating); Morales-Evans v. Administrative Office of the Courts of New Jersey, 102 F. Supp. 2d 577 (D.N.J. 2000)(finding that events including unwanted romantic advances from a co-worker; four or five unwanted kisses on the cheek; comments regarding plaintiff's physical appearance, sexual intercourse, and a nude beach, over an extended period of time did not constitute severe and pervasive harassment).

Here, the facts alleged by Plaintiff fail to rise to the level of a hostile work environment claim. Plaintiff claims that by rejecting her transfer request and denying her training, promotional, and lateral opportunities, Defendant "imposed intolerable conditions pursuant to which Plaintiff could not reasonably be expected to work." (Compl. ¶¶ 15-16, 29.) The Court finds that the discriminatory acts alleged by Plaintiff did not create an abusive work environment which was permeated with discrimination. Thus, Plaintiff's allegations do not rise to a hostile

work environment claim. As such, Plaintiff's claim of hostile work environment is hereby dismissed without prejudice.

### D. Plaintiff Cannot Assert a Claim for Punitive Damages Against the Postal Service.

Throughout her Complaint, Plaintiff asserts various claims for punitive damages. (Compl. ¶¶ 21, 27, 32, 38.) However, a plaintiff alleging employment discrimination may not assert a claim for punitive damages against the government. 42 U.S.C. § 1981a(b)(1) (stating that punitive damages can be obtained against an employer "other than a government, government agency or political subdivision"); Lynn v. Secretary, Dep't of Defense, 431 Fed. Appx. 147, 149 (3d Cir. 2011) (stating that 42 U.S.C. § 1981a(b)(1) "bar[s] complaining party in intentional employment discrimination action from seeking punitive damages against government, government agency, or political subdivision"). This exemption from punitive damages applies to claims against the Postal Service. See Wade v. Donahoe, Nos. 11-3795, 11-4584, 2012 WL 3844380, at *15 (E.D. Pa. Sept. 4, 2012) (citing cases); Jeffries v. Potter, No. 06-707 (JJF), 2008 WL 2607856, at *2-3 (D. Del. Jul. 1, 2008). Plaintiff does not dispute this argument in her Opposition Brief. Because Plaintiff cannot assert claims for punitive damages against the Postal Service, Defendant's motion to dismiss these claims is granted.

### V. CONCLUSION

Based on the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint is granted without prejudice. To the extent the deficiencies in Plaintiff's Complaint can be cured by way of amendment, Plaintiff is granted thirty days to file an Amended Complaint. To the extent Plaintiff seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and Federal rules, as well as any scheduling order which may be in place.

An appropriate Order accompanies this Opinion.

DATED: August 23, 2013

_____
**CLAIRE C. CECCHI, U.S.D.J.**